*1086
 
 LAWSON, J.
 

 Clarence Riley timely appeals a final order denying his objections to and confirming the report and recommendation of a general magistrate regarding the amount of child support he must pay. Riley’s primary contention is that the magistrate erred by ignoring his “uncontroverted” testimony regarding a recent and substantial decline in income from the businesses that he operates as a sole proprietor. At the evidentiary hearing, Riley’s testimony regarding the extent of his income decline was substantially impeached, and the magistrate simply did not believe it. As the fact-finder, a magistrate can reject testimony that he or she disbelieves.
 
 E.g., City of Orlando Police Dept. v. Rose,
 
 974 So.2d 554, 554 (Fla. 5th DCA 2008) (“The finder of fact is not required to believe the testimony of any witness ....”) (citations omitted). Having rejected Riley’s testimony on this point, the magistrate properly set the child support payments based upon the'financial records which Riley provided. Although we reject Riley’s primary argument on appeal, appellee concedes that some mistakes were made in tabulating Riley’s net income which requires a reduction in the child support award from $1,404.05 per month to $1,247.45 per month, with a corresponding reduction in retroactive child support to $30,085.15.
 

 Accordingly, we reverse the order on appeal and remand for entry of a corrected order consistent with appellee’s concessions.
 

 REVERSED AND REMANDED.
 

 PALMER, C.J., and MONACO, J., concur.